IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-84-BO

| | | |
|---|---|---|
| GLEN I. DARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WAYNE COUNTY BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for entry of default and defendant's motion for extension of time to answer the complaint. For the reasons that follow, plaintiff's motion for entry of default is denied and defendant's motion for extension of time is allowed.

## BACKGROUND

Plaintiff initiated this action on April 23, 2017, by filing a complaint for wrongful termination of plaintiff's employment. On June 12, 2017, plaintiff filed an affidavit of service reflecting that defendant had been served on May 9, 2017, and filed a motion for entry of clerk's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. On June 14, 2017, defendant, through counsel, filed a motion for leave to file an answer out of time. Plaintiff opposes defendant's request.

## DISCUSSION

The courts of appeals have "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Counsel for

defendant contends that although defendant was served on May 9, 2017, counsel was not contacted about the complaint until June 7, 2017, after the time for filing an answer or other responsive pleading had expired.

Although default is plainly appropriate in this instance, the Court declines to enter default against defendant as the factors which would support setting aside the default are also present. *See id.*; Fed. R. Civ. P. 55(c). Defendant has acted with reasonable promptness, there is no history of dilatory action by defendant, and while defendant is personally responsible for failing to take timely action, counsel for defendant has promptly appeared and moved for leave to file an answer out of time. *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006). In light of the foregoing factors and the strong preference for resolution of disputes on the merits, entry of default is not warranted here.

## CONCLUSION

Accordingly, plaintiff's motion for entry of default [DE 6] is DENIED and defendant's motion for leave to file out of time [DE 8] is GRANTED. Defendant shall respond to plaintiff's complaint not later than October 5, 2017.

SO ORDERED, this 27 day of September, 2017.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2