IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-84-BO

| | | |
|---|---|---|
| GLEN I. DARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WAYNE COUNTY BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded and a hearing on the matter was held before the undersigned on April 10, 2018, at Elizabeth City, North Carolina. For the reasons that follow, the motion to dismiss is denied.

## BACKGROUND

Plaintiff initiated this action on April 23, 2017, by filing a complaint for wrongful termination of plaintiff's employment under 42 U.S.C. §§ 1981 and 1983. After service had been properly effected on defendant and defendant failed to answer, plaintiff moved for entry of default. Two days thereafter, counsel appeared for defendant and requested leave to file an answer out of time. Finding that cause to set aside default existed in light of the appearance of counsel, the court denied the motion for entry of default and allowed defendant an opportunity to answer. Defendant timely filed its answer and motion to dismiss on October 5, 2017.

This case arises out of plaintiff's employment with defendant which began in 2002 and continued until his termination on September 30, 2014. Plaintiff, and African-American male, was

employed by defendant at Eastern Wayne High School as an instructional assistant and varsity basketball coach. Plaintiff alleges that he never received a negative work evaluation by defendant during his employment.

In March 2013, a minor female student accused plaintiff of grabbing her and attempting to kiss her. Plaintiff turned himself in to law enforcement after a warrant was issued for his arrest but he maintained his innocence. On December 13, 2013, defendant's Assistant Superintendent for Human Resources, Dr. Marvin McCoy, sent a letter to plaintiff indicating that in light of the charges plaintiff had been placed on suspension with pay. The letter stated that plaintiff could return to work should all matters be cleared. On January 14, 2014, Dr. McCoy sent another letter to plaintiff stating that plaintiff had been placed on suspension without pay and that he would be contacted about the next step within thirty days. On September 30, 2014, in the first communication with plaintiff since the January 2014 letter, defendant terminated plaintiff's employment. The State of North Carolina dismissed all charges against plaintiff on February 9, 2015. On February 10, 2015, Dr. McCoy called plaintiff and informed him that he was not welcome on campus and would not be permitted to return to work.

Plaintiff further alleges that two white male teachers were accused of making inappropriate sexual comments about female students. Both of these teachers admitted to making the inappropriate remarks and were allowed to retain their teaching positions with defendant and to retire.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" and which provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89,

93 (2007) (internal quotations, alterations, and citations omitted). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]

The Court has reviewed the complaint in light of the applicable standards and finds dismissal to be inappropriate at this time. A plaintiff seeking to establish a prima facie case of discrimination in the termination of employment under § 1981 must demonstrate that "'(1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he was fired; and (4) other employees who are not members of the protected class were retained under apparently similar circumstances.'" *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004) (citation omitted) (noting same standard used in claims proceeding under Title VII).

Plaintiff has alleged that he is a member of a protected class, that he was qualified for his position, and that prior to the events which led to his termination he was performing his job

---

[1] Because defendant has filed an answer, its motion to dismiss is more properly considered as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). However, a Rule 12(c) motion raising the defense of failure to state a claim upon which relief can be granted is assessed under the Rule 12(b)(6) standard. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

3

satisfactorily. Plaintiff has alleged that he was fired, and that other employees not members of the protected class, namely two white male teachers, were allowed to remain in their positions under apparently similar circumstances. Although, as defendant points out, plaintiff's alleged comparators were accused of making sexually inappropriate comments to students as opposed to being accused of making attempted inappropriate contact with a student, both of the comparators are alleged to have admitted to committing the offensive conduct. The Court finds that at this stage of the proceeding plaintiff has alleged sufficiently similar comparators to nudge his claim across the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 13] is DENIED. Plaintiff's oral motion to amend his complaint to add additional factual support, made at the hearing before the undersigned, is GRANTED. Plaintiff shall file an amended complaint not later than April 27, 2018.

SO ORDERED, this 12 day of April, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE