IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-84-BO

| | | |
|---|---|---|
| GLEN I. DARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WAYNE COUNTY BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, and the time for filing a reply has expired. In this posture the motion is ripe for ruling and, for the reasons discussed below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff initiated this action on April 23, 2017, by filing a complaint for wrongful termination of plaintiff's employment under 42 U.S.C. §§ 1981 and 1983. Defendant moved to dismiss plaintiff's complaint. After holding a hearing on April 10, 2018, at Elizabeth City, North Carolina, the Court denied defendant's motion to dismiss and allowed plaintiff's oral motion to amend his complaint. Plaintiff timely filed his amended complaint, and this motion to dismiss under Fed. R. Civ. P. 12(b)(6) followed.

In its motion, defendant, the Wayne County Board of Education (WCBOE or defendant), argues that plaintiff's amended complaint fails to state a claim for relief as he has failed to allege any specific actions by the WCBOE which gave rise to plaintiff's injuries, that plaintiff has failed

to allege any policy or custom that the WCBOE had in place which would support the discriminatory action alleged, and that plaintiff has failed to allege intentional conduct on behalf of the WCBOE which is required for a claim under 42 U.S.C. § 1981.

As the case is before the Court on a Rule 12(b)(6) challenge, the Court accepts as true the following well-pleaded allegations in plaintiff's amended complaint. This case arises out of plaintiff's employment by the WCBOE which began in 2002 and continued until his termination on September 30, 2014. Plaintiff, an African-American male, was employed by defendant at Eastern Wayne High School as an instructional assistant and varsity basketball coach. Plaintiff alleges that he never received a negative work evaluation by defendant during his employment.

In March 2013, a minor female student accused plaintiff of grabbing her and attempting to kiss her. Plaintiff turned himself in to law enforcement after a warrant was issued for his arrest but he maintained his innocence. On December 13, 2013, defendant's Assistant Superintendent for Human Resources, Dr. Marvin McCoy, sent a letter to plaintiff indicating that in light of the charges plaintiff had been placed on suspension with pay. The letter stated that plaintiff could return to work should all matters be cleared. On January 14, 2014, Dr. McCoy sent another letter to plaintiff stating that plaintiff had been placed on suspension without pay and that he would be contacted about the next step within thirty days. On September 30, 2014, in the first communication with plaintiff since the January 2014 letter, defendant terminated plaintiff's employment. The State of North Carolina dismissed all charges against plaintiff on February 9, 2015. On February 10, 2015, Dr. McCoy called plaintiff and informed him that he was not welcome on campus and would not be permitted to return to work.

Plaintiff further alleges that two white male teachers were accused of making inappropriate sexual comments about female students. Both of these teachers admitted to making the

inappropriate remarks and were allowed to retain their teaching positions with defendant and to retire. Finally, plaintiff alleges that a white male teacher who admitted to having a sexual relationship with both a student athlete and the student's mother was not fired but rather was transferred to another school in the Wayne County School District and remained employed by defendant as of the filing of the amended complaint.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" and which provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations, alterations, and citations omitted). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff has alleged only a claim for race discrimination under §§ 1981 and 1983. Section 1983

> provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor. Thus to prevail on his claim for damages against the school district, petitioner must show that the

> violation of his "right to make contracts" protected by § 1981 was caused by a custom or policy within the meaning of *Monell* and subsequent cases.

*Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735–36 (1989); *see also Dennis v. Cnty. Of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995).[1] Under *Monell*, the WCBOE may not be held liable for the conduct of its employees under a theory of respondeat superior, and may only be held liable for those acts which it has "officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). Thus, the WCBOE cannot be held liable for personnel decisions over which it did not retain final review authority, and plaintiff must be able to demonstrate that defendant "was aware of the constitutional violation and either participated in, or otherwise condoned, it" to recover against the WCBOE. *Love-Lane v. Martin*, 355 F.3d 766, 782-83 (4th Cir. 2004).

Plaintiff's amended complaint alleges that the action "arises from the wrongful actions of [the WCBOE] taken pursuant to its employee, Dr. Marvin S. McCoy . . . and ratified by the [WCBOE], with respect to the wrongful termination of Plaintiff's employment." [DE 32] Amd. Cmp. ¶ 1. Plaintiff alleges that the actions of the WCBOE, through its supervisors and Dr. McCoy[2], were taken with an intent to deprive plaintiff of his civil rights; that the WCBOE, through its supervisors and Dr. McCoy, acted in reckless disregard of and with a deliberate indifference to plaintiff's civil rights and protections; and that the WCBOE, through its supervisors and Dr. McCoy, acted under color of state law to force plaintiff to give up his means of employment. *Id.* ¶ 28-30.

---

[1] WCBOE, a local government body, is considered a person and subject to liability under § 1983. *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *Barbier v. Durham Cty. Bd. of Educ.*, 225 F. Supp. 2d 617, 630 (M.D.N.C. 2002) (local school board is a municipality under North Carolina law).

[2] McCoy is referred to as defendant McCoy in this section of the amended complaint, but McCoy has not been named as a defendant either in the original or the amended complaint caption or list of defendants.

4

Plaintiff has failed in his amended complaint to offer more than conclusory allegations that the WCBOE was aware of any alleged constitutional violation and either participated in or condoned it. Plaintiff has not alleged that he was terminated pursuant to any unconstitutional policy or practice, *Spell v. McDaniel*, 824 F.2d 1380, 1389 (4th Cir. 1987); *Majeed v. Columbus Cty. Bd. of Educ.*, 213 F.3d 631 (4th Cir. 2000) (unpublished table decision), or that the WCBOE officially sanctioned or ordered his termination. Although plaintiff has alleged that defendant terminated plaintiff's employment by letter dated September 30, 2014, Amd. Cmp. ¶ 22, that letter was sent by Dr. McCoy and not the WCBOE. [DE 39-2]; *see Am. Chiropractic Assoc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (court may consider documents integral to the complaint without converting 12(b)(6) motion to one for summary judgment). Plaintiff's use of the term "ratified" is in this instance, as defendant has argued, conclusory as plaintiff has come forward with no additional facts which would support a conclusion that the WCBOE was the "moving force" behind plaintiff's termination. *Monell*, 436 U.S. at 694; *Riddick v. Sch. Bd. of City of Portsmouth*, 238 F.3d 518, 524 (4th Cir. 2000) ("A municipality is not subject to section 1983 liability simply because a claimant is able to identify conduct attributable to the municipality.").

In opposition to the motion to dismiss, plaintiff argues only that defendant is liable for plaintiff's termination under a theory of supervisory liability. "[S]upervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). To establish supervisory liability, a plaintiff must show

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an

5

"affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* at 799. Plaintiff has failed to allege any facts which would support a finding of supervisory liability; plaintiff's conclusory statement that the WCBOE was deliberately indifferent to any offensive practices is simply insufficient to support a claim. Moreover, although plaintiff argues that the WCBOE's subsequent indifference following the termination letter sent by Dr. McCoy led to ratification of the termination, a plaintiff seeking to establish supervisory liability has a heavy burden which ordinarily cannot be satisfied by identifying a single incident. *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984).

At bottom, although the Court has previously found plaintiff's allegations of discrimination in employment sufficient to state a claim under the applicable standard, *see Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004), plaintiff has failed in filing an amended complaint to add sufficient factual support to plausibly allege that the WCBOE, the sole named defendant in this action, can be held responsible for his termination under § 1981, § 1983, and *Monell*. The motion to dismiss the amended complaint is therefore appropriately granted.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the amended complaint [DE 39] is GRANTED. The clerk is DIRECTED to enter judgment accordingly and close the case.

SO ORDERED, this 7 day of October, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6